THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* A. BOOTH & COMPANY, Respondent.

*Section 141 of the Forest, Fish and Game Law, prohibiting the possession of fish "from without the State" during the close season, is constitutional.*

Section 141 of the Forest, Fish and Game Law (Laws of 1900, chap. 20, added by Laws of 1902, chap. 194), which provides, "Wherever in this act the possession of fish or game, or the flesh or* any animal, bird or fish is prohibited, reference is had equally to such fish, game or flesh coming from without the State, as to that taken within the State * * *," is constitutional.

APPEAL by the plaintiff, The People of the State of New York, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Schenectady on the 13th day of January, 1904, upon the decision of the court, rendered after a trial at the Schenectady Trial Term, a jury having been waived, dismissing the complaint upon the merits.

*Elon R. Brown* and *John D. Miller*, for the appellant.

*Roland Crangle*, for the respondent.

CHASE, J.:

The defendant is a foreign corporation engaged in buying and selling fish, and it has places of business in Canada and in the United States, including a place of business at Cape Vincent, N. Y.

---

* *Sic.*

In the months of July and August, 1902, the defendant imported from Kingston, Canada, to Cape Vincent, N. Y., certain brook trout with other fish. The brook trout so imported were kept by the defendant in cold storage at Cape Vincent until the 23d day of February, 1903, when said defendant sold and shipped by express to a fish dealer at Schenectady, N. Y., twenty-two of said brook trout. This action was commenced against the defendant by order of the Chief Game Protector of the State of New York to recover the penalties prescribed by section 69 of the Forest, Fish and Game Law (Laws of 1900, chap. 20, as amd. by Laws of 1902, chap. 299) for possessing, selling and transporting brook trout in this State during the close season in violation of sections 40 and 60 of said statute.

There is no question of fact before us. Prior to the addition of section 141 to the Forest, Fish and Game Law by chapter 194 of the Laws of 1902, there was no express provision of statute prohib-iting the possession of fish and game brought from without the State.

In the case of *People* v. *Buffalo Fish Co.* (164 N. Y. 93) it was held that prior to chapter 194 of the Laws of 1902, it was not the intention of the Legislature to prohibit the possession of such fish as are taken from the waters of another State or country and imported from said State or country into this State.

By chapter 194 of the Laws of 1902, section 141 was added to the Forest, Fish and Game Law and it provides as follows: " Wher-ever in this act the possession of fish or game, or the flesh or* any animal, bird or fish is prohibited, reference is had equally to such fish, game or flesh coming from without the State, as to that taken within the State.    *    *    *"

The defendant sold, transported and had in its possession brook trout during a close season subsequent to the passage of said chapter 194 of the Laws of 1902, and the plaintiff's complaint should not have been dismissed unless said act of 1902 is unconstitutional and void.

The Court of Appeals in the case of *People* v. *Bootman* (180 N. Y. 1), although affirming a judgment dismissing the complaint in that action, notwithstanding the act of Congress known as the

---

* *Sic.*

Lacy Act (31 U. S. Stat. at Large, 187, chap. 553), because the alleged violations of the Forest, Fish and Game Law occurred prior to the enactment of chapter 194 of the Laws of 1902, have unanimously concurred in an opinion discussing the question of the constitutionality of said act of 1902 and it has so far affirmed its constitutionality that we are constrained to reverse this judgment on the authority of that opinion without further discussion.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred.

Judgment reversed and new trial granted, with costs to the appellant to abide the event.